UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL TORRES,

    Petitioner,

v.

DUNCAN MACLAREN,

    Respondent.

Case No. 2:14-12331
Honorable Laurie J. Michelson

**ORDER GRANTING REQUEST FOR AND SCHEDULING
EVIDENTIARY HEARING**

Following remand from the Sixth Circuit Court of Appeals, this Court permitted the parties to engage in discovery related to Petitioner Paul Torres' claim that his trial counsel, Asad Farah, provided constitutionally-ineffective advice about a plea offer. While "Torres believes the expanded record as it stands is sufficient to grant him [a writ of habeas corpus], he would welcome the opportunity for an evidentiary hearing to resolve outstanding factual issues." (R. 34, PageID.866.) Although it is not entirely clear that the Warden would oppose the opportunity to cross-examine Torres during an evidentiary hearing, it is apparent that the Warden believes the record as it stands is sufficient to deny the writ. (*See* R. 31, 34.)

Evidentiary hearings are not common in cases seeking a writ of habeas corpus. Indeed, either 28 U.S.C. § 2254(d) or 28 U.S.C. § 2254(e)(2) bar them in many cases. So, at the outset, the Court must decide whether Torres has cleared those two hurdles to presenting live testimony.

In addressing Torres' prior appeal in this case, the Sixth Circuit ruled that 28 U.S.C. § 2254(d) does not govern his claim that Farah was constitutionally ineffective during plea negotiations. *See Torres v. Bauman*, 677 F. App'x 300, 302 (6th Cir. 2017). So that statutory

provision does not prevent the Court from holding an evidentiary hearing. *Cf. Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

That leaves § 2254(e)(2). Except for three narrow exceptions, that statutory provision precludes a federal habeas court from holding an evidentiary hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C § 2254(e)(2). A petitioner escapes the "failed to develop" clause (and thus clears § 2254(e)(2)) if he was diligent, i.e., the petitioner "made a reasonable attempt, in light of the information available at the time, to investigate and pursue [the claim] in state court." *See Williams v. Taylor*, 529 U.S. 420, 435 (2000).

The Court finds that Torres made a "reasonable attempt" to develop the factual basis for his claim that trial counsel gave ineffective advice about a plea offer in state court.

In his motion for relief from judgment filed with the state trial court, Torres attached his own affidavit setting forth the factual basis for the ineffective-assistance claim now before this Court, expressly raised the claim, and expressly asked the state trial court for an evidentiary hearing to develop that claim. (R. 8, PageID.245, 281.) The trial court (erroneously believing that Torres' claim had been adjudicated on direct appeal) denied Torres' claim without granting him a hearing. (R. 8, PageID.297–299, *People v. Torres*, Nos. 09–14276, 09–14277, 09–14288, slip op. (Mich. 39th Cir. Ct. July 13, 2012).) Then, in his requests for leave to appeal that decision, Torres asked the Michigan Court of Appeals and the Michigan Supreme Court to remand for an evidentiary hearing. (R. 8, PageID.491, 532, 556.) Those courts denied leave. So Torres was diligent for purposes of § 2254(e)(2). *See Williams v. Burton*, 714 F. App'x 553, 558 (6th Cir. 2017) (finding that seeking an "evidentiary hearing in [a] Motion for Relief from Judgment pursuant to Michigan Court Rule 6.500" reflected diligence for purpose of § 2254(e)(2)); *Freeman*

*v. Trombley*, 483 F. App'x 51, 66 (6th Cir. 2012) (suggesting, but not holding, that petitioner was diligent for purposes of § 2254(e)(2) by "attempting to further develop the factual bases for his claim" in a motion for relief from judgment).[1]

That Torres has cleared § 2254's restrictions on evidentiary hearings gives rise to a second question: is the decision to hold an evidentiary hearing left to this Court's discretion or, having cleared § 2254, is an evidentiary hearing mandatory? The Supreme Court has stated, "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). And the Sixth Circuit has stated, "the fact that [a petitioner] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one." *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007). Those two statements seem clear enough.

On the other hand, the Supreme Court did not explicitly say in *Schriro* that pre-AEDPA law, including *Townsend v. Sain*, 372 U.S. 293 (1963), had no applicability once a court decides that neither § 2254(d) nor § 2254(e)(2) bar a hearing. *See id.* at 473, 481. And before *Schriro* at least, "[t]he majority of courts ha[d] concluded that even after AEDPA, *Townsend*'s mandatory-

---

[1] The Court recognizes that, on direct appeal, Torres did not ask the Court of Appeals to remand for an evidentiary hearing as permitted by Michigan Court Rule 7.211(c), that Michigan Court Rule 6.508(D)(3) generally precludes granting a motion for relief form judgment on claims that could have been raised on direct appeal, and that, in *Williams*, the Court stated that "diligence" requires "that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Williams*, 529 U.S. at 437. Two rebuttals: Torres might have been able to properly raise the claim he asserts now in a motion for relief from judgment by showing cause and prejudice, *see* Mich. Ct. R. 6.508(D)(3), and the Warden has twice passed on arguing that the claim is defaulted for not having been raised on direct appeal. (R. 7, PageID.29; R. 31, PageID.839); *see also Wilson v. Beard*, 426 F.3d 653, 665 (3d Cir. 2005) ("[T]he question whether a claim is procedurally defaulted and whether § 2254(e)(2) bars an evidentiary hearing related to that claim are analytically linked.").

3

hearing standards govern all situations other than where the petitioner failed to develop the facts of his claim in state court proceedings." Brian R. Means, Postconviction Remedies § 22:17 (July 2018); *see also Espinoza v. Spearman*, 661 F. App'x 910, 914 (9th Cir. 2016) (applying *Townsend*'s test post *Schriro*); *but see Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010) (holding that, post-AEDPA, *Townsend*'s test has no applicability).

The Court need not answer this must-or-may question in this case. Because even if a hearing is not mandatory, the Court would elect to hold one in this case. As the Warden himself acknowledges, the whole of Torres' petition has been distilled down to whether Torres' trial counsel in fact told Torres that his sentence via the plea would be the same as (or very similar to) his sentence following a conviction via trial. (R. 34, PageID.862 ("The question now before this Court is one of fact[.]").) And while the parties did engage in discovery, no one deposed Torres. And no one deposed Torres' appellate counsel, William Archer, on whether Torres told him about Farah's ineffective advice about the plea offer. Testimony from these two witnesses, along with viewing their demeanor, will likely aid the Court in deciding Torres' ineffective-assistance-of-trial-counsel claim.

The hearing will be on November 2, 2018 at 10:00 a.m. in Room 709. Paul Torres and William H. Archer must attend. Each side will have 30 minutes to question Torres; the Court might then ask additional questions. Each side will also have 30 minutes to question Archer; the Court might then ask additional questions. Other than Torres and Archer, the Court anticipates that no other witnesses will be called.

SO ORDERED.

s/Laurie J. Michelson
UNITED STATES DISTRICT JUDGE

Date: October 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, October 10, 2018, by electronic and/or ordinary mail.

                                                      s/William Barkholz
                                                     Case Manager