UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL TORRES,

    Petitioner,

v.

DUNCAN MACLAREN,

    Respondent.

Case No. 2:14-12331
Honorable Laurie J. Michelson

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT [42]**

Petitioner Paul Torres maintains that he did not accept a plea offer because his counsel advised him that his sentence would be the same whether he accepted the plea or was convicted at trial. In a prior opinion and order, the Court explained why Torres has not proved that is in fact what counsel advised. So the Court declined to issue Torres a writ of habeas corpus. *See generally Torres v. Maclaren*, No. 2:14-12331, 2018 WL 6527758 (E.D. Mich. Dec. 12, 2018).

Torres claims that this Court's "decision contains clear errors and creates a manifest injustice because the transcript and all available evidence show that Mr. Torres did not receive effective assistance of counsel." (ECF No. 42, PageID.1029.) Pursuant to Federal Rule of Civil Procedure 59, Torres thus asks this Court "to revisit its decision to deny habeas relief and to alter its judgment to allow his resentencing in state court." (ECF No. 42, PageID.1039.)

A court may grant a motion to amend the judgment "if there is a clear error of law . . . newly discovered evidence . . . an intervening change in controlling law . . . or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999).

To the extent that Torres believes this Court committed clear error because it did not yet have a transcript of the evidentiary hearing, he is mistaken. The Court presided over the hearing,

took notes, and reviewed a rough version of the transcript. More importantly, there is nothing in the final transcript that contradicts any portion of the Court's ruling or that alters its credibility findings.

To address Torres' other arguments, a brief review of this Court's prior opinion is helpful. The Court found it odd that the first time Torres raised a legal claim about his trial counsel's advice was after he completed his direct appeals. Moreover, Torres' explanations for why he had not raised the claim earlier were inconsistent. In affidavits, Torres said that he told appellate counsel about his trial counsel's advice but his appellate counsel did not want to discuss the issue with him. (ECF No. 30, PageID.728.) Torres also averred that had appellate counsel told him he could file his own pro per brief, he would have done so and raised the claims in his motion for relief from judgment or his habeas corpus petition. (ECF No. 30, PageID.728, 730.) Those claims included the one about trial counsel's plea advice. Yet, as this Court explained in its prior opinion, Torres testified at the hearing that he did *not* tell his appellate counsel about his trial counsel's advice. (ECF No. 41, PageID.998–1000.) And he testified that he did *not* then know how to raise a claim about trial counsel's advice. (ECF No. 41, PageID.996, 1000, 1004.) Because of at least those two material inconsistencies, the Court doubted Torres' claim that trial counsel had advised him that the plea deal was not really a deal at all. *See Torres*, 2018 WL 6527758, at *5.

In asking this Court to revisit that decision, Torres attempts to present another way to look at the record. He points out he risked severe consequences by forgoing the plea deal; this, Torres says, suggests that trial counsel in fact gave him bad advice on how to proceed. (ECF No. 42, PageID.1036.) He also points out that he has consistently asserted that he was confused about how he could get the sentence that he ultimately received. (*Id.*) This confusion further suggests that trial counsel in fact gave him bad advice on how to proceed. (*Id.*) Torres also attempts to, in a sense,

split the difference between his affidavits and hearing testimony: he "*tried*" to tell his appellate counsel about his trial counsel's advice. (ECF No. 42, PageID.1037.)

None of this is particularly new. Nor does any of this quell this Court's concerns about when Torres raised his claim about trial counsel's advice or the inconsistencies in Torres' explanation for not raising the claim on direct appeal. It remains that he said one thing in his affidavits but another thing under oath at the evidentiary hearing. The Court will not amend its judgment.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.*, 280 F. App'x 480, 486 (6th Cir. 2008). To the extent one is required in this situation, the Court GRANTS Torres a certificate of appealability.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 6, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 6, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson